NOT FOR PUBLICATION



FILED

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE RAYMUNDO CORDOVA
VELASCO,

               Petitioner,

  v.

TODD BLANCHE, Attorney General,

               Respondent.

No. 24-4844

Agency No.
A208-760-623

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2026**
Pasadena, California

Before: BYBEE and COLLINS, Circuit Judges, and CURIEL, District Judge.***

     Petitioner Jose Raymundo Cordova Velasco is a native and citizen of El

Salvador.  He seeks review of the Board of Immigration Appeals' (BIA) order

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

upholding the Immigration Judge's (IJ) dismissal of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Where "the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review the agency's "factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Substantial evidence supports the BIA's decision affirming the IJ's findings that Cordova Velasco failed to establish a nexus between his past and feared future persecution and his membership in his proposed particular social group, "Salvadoran land-owning family." To be eligible for asylum and withholding of removal claims, an applicant must prove a causal nexus between his past harm or fear of future harm with a statutorily protected ground, which in this case is "membership in a particular social group." *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.16(b); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims.").

Cordova Velasco relied on three incidents of violence against him to support his applications, but the agency reasonably concluded that none sufficiently

2

establishes the nexus requirement. First, Cordova Velasco acknowledged that the people who assaulted and attempted to rob him in 2011 "wanted [his] things" and that he did not know who they were or whether they belonged to any "group or organization." That testimony supports the agency's finding that these assailants were not motivated due to his membership in a "Salvadoran land-owning family" but were motivated by a desire to take his belongings. Second, Cordova Velasco testified that in May 2014, a man dressed as a police officer came to his home, beat him, and threatened to kill him if he did not leave his house. The police officer did not state why he had to leave his house and Cordova Velasco did not know why he was attacked. Finally, Cordova Velasco testified that he did not know if the men who shot at his home on May 30, 2014 because he refused to come out and join them were members of a group and that he did not know why he was targeted, but that it may have been because he was a young man and they were trying to recruit him. The agency reasonably concluded that the harms Cordova Velasco suffered in these incidents were not on account of his membership in the particular social group of a "Salvadoran land-owning family," but reflected ordinary criminality. Accordingly, substantial evidence supports the BIA's ruling affirming the IJ's finding that Cordova Velasco failed to establish the requisite nexus. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals

motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Cordova Velasco presents for the first time on appeal that he is a member of a protected social group defined as "family of a Salvadoran individual who opposed or resisted gang norms which is akin to familial or kinship ties[.]" Because he failed to exhaust this claim, we are precluded from reviewing it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

2. Substantial evidence supports the BIA's denial of CAT relief. An applicant for CAT relief must establish that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020); *see* 8 C.F.R. § 1208.16(c)(2). Petitioner argues that after he moved to live with his boss, he saw the police officer who had beat him at a nearby gas station and that he nodded at him. He believed that the police officer was keeping an eye out for him and was a menacing presence in his life. However, these isolated incidents do not constitute torture as defined under CAT. *See* 8 C.F.R. §§ 1208.18(a)(1); (a)(4)(iii). The agency reasonably concluded that Cordova Velasco had failed to make that showing. Even though the El Salvador 2018 country report highlighted human rights violations such as torture by security forces, the agency permissibly determined that Cordova Velasco had not shown that he would face a particular threat of torture beyond what

4

any other El Salvadoran citizen would endure. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (country conditions reports did not indicate that petitioner "would face any particular threat of torture beyond that of which all citizens of Nepal are at risk"); *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) ("Although the reports confirm that torture takes place in Yemen, they do not compel the conclusion that Almaghzar would be tortured if returned."). Therefore, substantial evidence supports the IJ's and BIA's determinations that Cordova Velasco failed to show that he will more likely than not be tortured upon removal.

**PETITION DENIED**.